**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BLUEFIELD DIVISION**

**CARLOS AUGUSTO HURTADO-VALOIS,**

**Petitioner,**

**v.** **Case No. 1:23-cv-00166**

**WARDEN, FCI McDowell,**

**Respondent.**

**MEMORANDUM OPINION and ORDER**

Currently pending is Petitioner's Motion for the Appointment of Counsel, (ECF No. 18). For the following reasons, the Court **DENIES** the motion.

The Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A, authorizes United States District Courts to appoint counsel to represent financially eligible individuals in habeas actions brought pursuant to 28 U.S.C. § 2241, "whenever the United States magistrate judge or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). This standard is similar to the one applied in determining whether to appoint counsel in civil actions governed by 28 U.S.C. § 1915(e)(1), which states that the appointment of counsel rests within the discretion of the court. Petitioner has no constitutional right to counsel in this case. Whether counsel should be appointed depends upon several factors, including (1) the type and complexity of the case; (2) the ability of the litigant to adequately investigate and present his claim; (3) the likelihood of success on the merits of the application; and (4) the apparent need for an evidentiary hearing in order to resolve the case. *See, e.g. Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984)

(abrogated on other grounds by *Mallard v. United States Dist. Court*, 490 U.S. 296 (1989)); *Hoggard v. Purkett,* 29 F.3d 469 (8th Cir. 1994).

Having reviewed the filings made by Petitioner to date, he appears capable of presenting his arguments. The issues are not particularly complex, and the need for an evidentiary hearing is not apparent at this time. Therefore, the appointment of counsel is not appropriate. Should circumstances change, or an evidentiary hearing become necessary, the Court will reconsider its ruling.

Petitioner does complain of being fearful of "lieutenants" at FCI McDowell, whom he claims wishes to harm him, although he does not specify why he believes he is being targeted by them. Petitioner is advised to file a special administrative remedy to privately report his concerns or to share his fears with his counselor; however, such a matter cannot be pursued in this habeas action. An attorney cannot be appointed to address such a matter either.

It is so **ORDERED**.

The Clerk is directed to provide a copy of this Order to Petitioner and counsel of record.

**ENTERED:** August 28, 2023

Cheryl A. Eifert
United States Magistrate Judge